IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP HALE          )
                      )
     v.               )     NO: 3:18-0672
                      )
WARDEN MAYES, et al.  )

**TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 25, 2018 (Docket Entry No. 12), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Phillip Hale ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on July 19, 2018, 2017, while confined as an inmate within the Tennessee Department of Correction ("TDOC") at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He seeks relief under 42 U.S.C. § 1983 based on claims of unconstitutional conditions of confinement at the RMSI.

Upon the initial screening of the complaint, the Court directed that the Clerk send Plaintiff a service packet for a single named defendant, Unit Manager Davis. *See* Docket Entry No. 6 at 2. Plaintiff was directed to complete the service packet and return it to the Clerk's Office within thirty (30) days of receipt of the order and was forewarned by the Court that his failure to return the service packet within the time frame could jeopardize his prosecution of the action. *Id*.

The docket reflects that the service packet and copies of the Court's Memorandum and Order entered October 25, 2018, were mailed to Plaintiff at the RMSI, which is the only mailing address provided by Plaintiff. However, the Court mail to Plaintiff was returned with the notation "inactive"

and without a forwarding address. *See* Docket Entry No. 13. An on-line search for Plaintiff in the Tennessee Felony Offender Information system indicates that he is no longer in TDOC custody and was released on September 3, 2018. The docket reflects that Plaintiff has made no filings in the case in the nearly three months subsequent to his release from TDOC, and he has not contacted the Clerk or the Court to provide a new mailing address.

It is well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this lawsuit is warranted under Rule 41(b). Plaintiff has been released from TDOC, yet he has not informed the Court of his updated address nor taken any action regarding his lawsuit subsequent to his release from incarceration. Plaintiff's unknown whereabouts prevents mail from being sent to Plaintiff by the Court and creates an impasse in the lawsuit. There is no reason for the lawsuit to remain an active case on the docket in light of Plaintiff's apparent disinterest in the lawsuit.

### RECOMMENDATION

For the reasons set out above, the undersigned respectfully RECOMMENDS this case be DISMISSED WITHOUT PREJUDICE in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge